IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ALEXSAM, INC., | : | Case No. 1:21-cv-588 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| U.S. BANK N.A., | : | |
| Defendant. | : | |

**ORDER GRANTING MOTION TO STAY (Doc. 27)**

This matter is before the Court on Plaintiff AlexSam, Inc.'s motion to stay (Doc. 27). U.S. Bank N.A. opposes the motion (Doc. 31). The parties submitted a consent motion agreeing that the motion would be ripe upon U.S. Bank's response in opposition (Doc. 28). Accordingly, the motion to stay is ripe for the Court's review.

I.

This is a patent infringement case that began in the Eastern District of Texas. (Doc. 1.) There, in October 2019, AlexSam filed suit against Simon Property Group ("the Texas Litigation"). Simon later filed a claim against U.S. Bank and other parties. AlexSam amended its complaint and added infringement claims against U.S. Bank and other third parties in the Texas Litigation. Ruling on a motion to dismiss, the Texas Court found that venue in the Eastern District of Texas was improper. It severed all claims asserted by AlexSam against U.S. Bank and transferred those claims to the Southern District of Ohio. (Doc. 27; Doc. 1.)

While the Texas Litigation was ongoing, AlexSam had another patent infringement case that had initiated in March 2020 ("the Cigna Litigation"). The claims in the Cigna Litigation did not overlap with those in the Texas Litigation, but, according to AlexSam, both cases involved an interpretation of the claim term "unmodified." (Doc. 27 at 4.) The district court accepted interpretations of that term adverse to AlexSam. AlexSam has appealed both cases to the Federal Circuit. Thus, an appeal of the Texas Litigation is pending.

Several motions are also now pending in this Court, including a motion for discovery of third parties (Doc. 19), motions to seal (Docs. 22, 26, 32), and a motion for summary judgment (Doc. 25). AlexSam argues that U.S. Bank's motion for summary judgment relies in part on rulings from the Texas Litigation, now on appeal before the Federal Circuit.

II.

AlexSam urges that, for the sake of efficiency, this Court should stay this matter until the Federal Circuit decides issues which affect summary judgment. Otherwise, the parties and this Court would be forced to brief and decide the issues here twice. AlexSam maintains that it is undisputed that U.S. Bank's grounds for summary judgment encompass issues in the appeal. (It also notes that U.S. Bank filed its motion for summary judgment before entry of a calendar order and while a discovery motion was pending.) Furthermore, AlexSam argues that the claim construction at issue in the Texas Litigation and appeal is a fundamental issue in this case as well.

U.S. Bank opposes a stay. It represents that the Eastern District of Texas's

judgment did not address a counterclaim brought by Simon in the Texas Litigation. For that reason, U.S. Bank argues, AlexSam's appeal to the Federal Circuit is jurisdictionally defective. U.S. Bank does, however, concede that any appeal in this case could be consolidated with an appeal of the Texas Litigation. Indeed, both parties here agree that issues in that litigation overlap with issues in this litigation.

Additionally, U.S. Bank has filed a motion to amend the judgment in the Texas Litigation to request resolution of a remaining claim and defense. U.S. Bank further argues that AlexSam's infringement positions in this litigation lack merit. It argues that AlexSam has no evidence that the point-of-sale terminals used with U.S. Bank gift cards were "unmodified" under the current construction of that term. According to U.S. Bank, the Texas court's resolution of its motion to amend the judgment will collaterally estop AlexSam's infringement theories in this case.

### III.

Federal courts have the inherent authority to stay proceedings. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Hill v. Mitchell*, 30 F.Supp.2d 997, 1000 (S.D. Ohio 1998) ("the Court has the inherent power to stay proceedings pending the resolution of the same or related issues in another forum."). The analysis calls for an "exercise of judgment" that weighs "competing interests" and maintains "an even balance." *Landis*, 299 U.S. at 254-55. When a stay motion is premised on the alleged significance of another case's disposition, courts have considered "the

3

potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015).

Upon consideration, the Court will grant the motion to stay. The Federal Circuit appeal carries potential dispositive effect. U.S. Bank agrees that the issues in this case and that appeal overlap. (Doc. 31 at 2.) Any resolution by the Federal Circuit on the Texas Litigation will thus be consequential to the litigation here. Instead of arguing that the result of the appeal would not be dispositive, U.S. Bank challenges the merits of the appeal and the worthiness of AlexSam's case before this court. But this position probes well into the merits of these patent cases. The Courts finds it more efficient to permit the Federal Circuit to reach its own conclusions on the appeal, which will impact issues in this case.

As for U.S. Bank's attack on the merits of AlexSam's claims in this court, this argument flows naturally into consideration of the question of judicial economy. Since the parties agree that the Federal Circuit may resolve issues that are significant to this case, it promotes an efficient use of judicial economy and the parties' time and expense to await adjudication of the appeal. If the appeal is indeed jurisdictionally defective, then the Federal Circuit is likely to resolve the matter more quickly than in a full appeal—and any hardship U.S. Bank faces in the stay of this case will be all the less. If the appeal is sound, however, then resolution will inform issues relevant to this case, as both sides acknowledge.

U.S. Bank's pending motion to amend the judgment in the Eastern District of Texas does not change any of the above. As it stands, the parties have not advised that the Texas Court has ruled on that motion, so U.S. Bank's collateral estoppel argument is based on a hypothetical at best. As such, it would be inappropriate for this Court to give it further consideration.

IV.

For the reasons above, the Court **GRANTS** AlexSam's motion to stay and **STAYS** this litigation pending the appeal of the Texas Litigation. All deadlines are hereby stayed. The parties are **DIRECTED** to file a joint status report in this Court at the earlier of (1) resolution of the appeal or (2) **90 DAYS** from the date of this Order informing the Court on the status of the appeal and any other relevant developments.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND